UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

THE MOODY COMPANY, LLC      CIVIL ACTION NO. 17-cv-01602

VERSUS      UNASSIGNED DISTRICT JUDGE

BIOLOGICAL & ENVIRONMENTAL      MAGISTRATE JUDGE HANNA
SOLUTIONS LLC

## REPORT AND RECOMMENDATION

Currently pending before the court is the defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). [Rec. Doc. 5]. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed. Considering the evidence, the law, and the arguments presented, and for the following reasons, it is recommended that the defendant's motion be granted and the case be dismissed without prejudice.

## BACKGROUND

The Moody Company invests and holds ownership interests in various entities including TMD Technologies Group, L.L.C. ("TMD"). On January 5, 2014, TMD entered into a letter of intent with the defendant, Biological & Environmental Solutions, L.L.C. The letter of intent describes the basis upon which the defendant

1

intended to enter into certain agreements, such as, the defendant would loan money to TMD and one of its subsidiaries, Go Green BioProducts, L.L.C. ("GGB"), in the form of promissory notes that would be convertible to equity in GGB, and the defendant would have the opportunity to acquire an ownership interest in TMD in exchange for a capital investment.

An issue arose with the intended agreements and the defendant filed suit in North Dakota against TMD and GGB seeking summary judgment on the enforcement and payment of the promissory notes.[1] The North Dakota court rendered a stipulated judgment in favor of the defendant, but the suit and collection of the judgment are still pending. The plaintiff alleges that the defendant indicated that it would seek relief against the plaintiff in connection with the pending litigation in North Dakota.

As a result, the plaintiff filed a petition for declaratory judgment in Louisiana's 15th Judicial District Court. In the petition, the plaintiff seeks a declaratory judgment that the defendant is subject to personal jurisdiction in Louisiana and that the plaintiff is not liable to the defendant under any claim or cause of action. The defendant removed the action based on diversity jurisdiction and then filed the present motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

---

[1]     The suit was filed in the East Central Judicial District Court, County of Cass, State of North Dakota, docket number 09-2014-cv-3386.

## LAW AND ANALYSIS

### A. Standard for Personal Jurisdiction

The defendant contends that it has insufficient contacts with the State of Louisiana to support the exercise of jurisdiction by this Court. "Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication."[2] When, as in this case, a nonresident defendant challenges personal jurisdiction, the plaintiff, as the party seeking to invoke the power of the court, bears the burden of proving that jurisdiction exists.[3] Because the defendant's motion will be decided without an evidentiary hearing, the plaintiff is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy their burden.[4] A *prima facie* showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record.[5] The court must accept as true the party's uncontroverted allegations and

---

[2]      *Guidry v. U.S. Tobacco Co*., 188 F.3d 619, 623, n. 2 (5th Cir. 1999).

[3]      *Luv N' care, Ltd. v. Insta-Mix, Inc*., 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

[4]      *Central Freight Lines Inc. v. APA Transport Corp*., 322 F.3d 376, 380 (5th Cir. 2003); *Alpine View Co. v. Atlas Copco A.B*., 205 F.3d 208, 214 (5th Cir. 2000).

[5]      *Guidry*, 188 F.3d at 625.

resolve any factual conflicts in favor of the plaintiff.[6]  But the court is not required to credit conclusory allegations, even if left uncontroverted.[7]

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits.[8]  The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution.[9]  Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process.[10]  This Court need only determine whether subjecting the defendant to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment.[11]

---

[6]     *Central Freight*, 322 F.3d at 376; *Alpine View*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir. 2000).

[7]     *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

[8]     Fed. R. Civ. P. 4(e).

[9]     La. R.S. 13:3201.

[10]     *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987).  Texas's long-arm statute is also coextensive with the federal constitutional limits of due process.  *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008).  Therefore, Fifth Circuit cases regarding personal jurisdiction under that statute are equally applicable.

[11]     See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.[12] In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana.[13]

The plaintiff contends that the defendant's contacts give rise to specific, as opposed to general, jurisdiction.[14] Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.[15]

The inquiry used to determine whether specific jurisdiction exists has three steps. First, it must be determined whether the defendant has sufficient minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed

---

[12]    *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

[13]    *Id.*

[14]    Any contention that the defendant's contacts give rise to general jurisdiction would be insufficient based on the stringent requirements established by the Supreme Court in *Daimler v. Bauman,* 134 S.Ct. 746 (2014).

[15]    *Walk Haydel*, 517 F.3d at 243.

5

itself of the privileges of conducting activities there.[16]   Random, fortuitous, or attenuated contacts are insufficient.[17]   Second, it must be determined whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum.[18]   Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable.[19]

## B. The plaintiff has failed to establish specific personal jurisdiction

The defendant submitted evidence that establishes the following undisputed facts. The defendant is a North Dakota limited liability company with its members located in North Dakota, Minnesota, Colorado, or Wisconsin.[20] The defendant does not own any property in Louisiana, does not maintain any business operations or offices in Louisiana, does not have a Louisiana phone number or mailing address, does not have any officers, agents, members or employees in Louisiana, and does not ship, sell, or solicit the sale of any products in Louisiana.[21] The defendant is also not

---

[16]   *Nuivo Pignone, Spa v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

[17]   *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

[18]   *Nuivo Pignone Spa*, 310 F.3d at 378.

[19]   *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

[20]   Rec. Doc. 5-2, ¶ 4-5

[21]   Rec. Doc. 5-2, ¶ 6-7

registered to do business in Louisiana, and has never derived income or paid any taxes to the State of Louisiana.[22]

The plaintiff, relying only on the allegations set forth in its petition, contends that the defendant established minimum contacts in Louisiana by: (1) entering into contracts with a Louisiana entity; (2) contemplating ownership in a Louisiana entity; and (3) visiting Louisiana to conduct due diligence for the transaction. Taking these allegations as true, this Court concludes that the plaintiff has failed to meet its burden of making a *prima facie* showing of personal jurisdiction. The plaintiff has failed to demonstrate that the defendant has sufficient minimum contacts with Louisiana that arise from, or are directly related to, the plaintiff's cause of action for declaratory judgment.

The mere fact that a party contracted with a resident of Louisiana is insufficient to establish minimum contacts necessary to support personal jurisdiction.[23] Rather, a court must evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... in determining whether the defendant purposefully established minimum contacts within

---

[22]     Rec. Doc. 5-2, ¶ 8

[23]     *Moncrief Oil Int'l, Inc.*, 481 F.3d at 311.

the forum."[24] Under this approach, the Fifth Circuit has looked to certain factors that include: (1) the place of contracting,[25] (2) where the anticipated performance under the contract was due,[26] (3) whether the contract contains an arbitration or choice-of-law clause,[27] and (4) whether the defendant's officers visited the forum state.[28]

The plaintiff contends that it is not liable to the defendant based on the letter of intent and subsequent promissory notes that were executed between the defendant and TMD. The plaintiff alleges that it is not a party to the letter of intent and should not be liable based on its ownership interest in TMD.  The plaintiff does not allege where it was executed or where the anticipated performance would occur. However, the defendant introduced a copy of the letter of intent into the record for the Court to consider.[29]

The letter of intent does not contain any reference to Louisiana. It  merely

---

[24]    *Pervasive Software Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

[25] *Command-Aire Corp. v. Ontario Mechanical Sales and Serv., Inc.*, 963 F.2d 90, 94 (5th Cir. 1992).

[26]    *Holt Oil & Gas Corp.*, 801 F.2d 773, 778 (5th Cir. 1986) (emphasizing the importance of where a majority of the performance of the contract occurs);see also *Moncrief Oil Intern. Inc.* and *Brammer Engineering, Inc. v. East Wright Mountain L.P.*, 307 Fed. Appx. 845, 848 (5th Cir. 2009).

[27]     *Moncrief Oil Intern. Inc*, 481 F.3d at 313; see also *Brammer Engineering, Inc.* 307 Fed. Appx. at 848.

[28]    *Moncrief Oil Intern. Inc*, 481 F.3d at 313.

[29]    Rec. Doc. 9-1

8

provides the basis of intended agreements between the parties and does not identify a location where it was executed or establish an anticipated place of performance. The letter of intent also does not contain an arbitration or a choice of law clause. The defendant alleges that the promissory notes at issue do contain a choice of law clause, but the promissory notes were not introduced into the record. Thus, the Court did not consider the defendant's allegation. Finally, there is no evidence that the letter of intent or promissory notes were negotiated or required performance in Louisiana that would be sufficient to establish minimum contacts with Louisiana.

The plaintiff alleges that the defendant's officials visited Louisiana to conduct due diligence regarding the operations of TMD. However, the Fifth Circuit has held that a defendant's visit to a forum state does not create jurisdiction when the defendant does not regularly do business in the forum state and negotiations for the agreement occurred elsewhere.[30] The evidence establishes that the defendant has never done business in Louisiana and there is no evidence or allegations regarding where negotiations took place. The defendant's officials merely visiting Louisiana as part of its due diligence is not sufficient to constitute the defendant's purposeful availment of the benefits and protections of Louisiana law. Therefore, the plaintiff has

---

[30]    *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028-1029; *Moncrief Oil Intern. Inc.*, 481 F.3d at 313.

failed to establish that the defendant's alleged visit was sufficient to establish minimum contacts with Louisiana.

The plaintiff's remaining argument is that the defendant contemplated ownership in a Louisiana entity and as a result the defendant should have anticipated future consequences in Louisiana. However, the plaintiff does not cite to binding jurisprudence to support that position. This Court is not persuaded that the possibility of ownership in a Louisiana entity is sufficient to establish minimum contacts such that the defendant should reasonably anticipate being haled into court in Louisiana.[31]

Based on the circumstances presented, the plaintiff has failed to meet its burden of making a *prima facie* showing of personal jurisdiction.[32] Accordingly, this Court recommends that the defendant's motion to dismiss for lack of personal jurisdiction should be granted.

## **CONCLUSION**

Based on the foregoing reasons, it is recommended the defendant's motion to dismiss [Rec. Doc. 5] should be **granted** and the plaintiff's petition be **dismissed**

---

[31]    The present action is illustrative of why the plaintiff's argument is not persuasive. An ownership interest in an entity does not automatically make a person liable on behalf of the entity or extend personal jurisdiction over the entity to its owners. Most importantly, the defendant never obtained an ownership interest in TMD.

[32]    Because the plaintiff has failed to establish that the defendant has minimum contacts with Louisiana, the Court need  not address whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

**without prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 23rd day of February.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE